UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CEON SIMON,

                    Plaintiff(s),

-against-

DETECTIVE ERIK CRUZ,
DETECTIVE TREMAYNE EVANS AND
THE CITY OF NEW YORK

                    Defendant(s).

CIVIL ACTION NO..: 16-1017

**COMPLAINT IN A CIVIL ACTION**

---

CEON SIMON by his undersigned attorneys, Law Office of Michael H. Joseph, PLLC, as for his complaint against the defendants states:

## JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and supplemental jurisdiction under 28 U.S.C. § 1367.

2. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURY TRIAL DEMANDED

3. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## VENUE

4. Venue properly lies in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**COUNT I:** **VIOLATIONS OF 42 USC § 1983 BASED UPON DUE PROCESS VIOLATIONS, FABRICATION OF EVIDENCE AND MALICIOUS PROSECUTION**

5. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

6. At all relevant times herein, plaintiff, CEON SIMON (Hereinafter "Plaintiff"), was a resident of the State of New York, and Bronx County and presently resides in Kings County.

7. At all relevant times herein, defendant Detective Erik Cruz (Hereinafter "Cruz") was and is a resident of the State of New York, County of Kings.

8. At all relevant times herein, defendant Detective Tremayne Evans (Hereinafter "Evans") was and is a resident of the State of New York, County of Kings.

9. At all relevant times herein, the City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. On or about May 7, 2012 and at all times relevant herein Cruz was a duly sworn police detective employed by the City of New York, and was acting in the course and scope of his employment.

11. On or about May 7, 2012 and at all times relevant herein Evans was a duly sworn police detective employed by the City of New York, and was acting in the course and scope of his employment.

12. On or about May 7, 2012 and at all times relevant herein Cruz was acting under the color of law.

13. On or about May 7, 2012 and at all times relevant herein Evans was acting under the color of law.

14. On or about May 7, 2012 at approximately 2:00 p.m., an individual known as Jialing Ye, a nonparty herein, was robbed by an unknown individual who brandished a gun at a park in the vicinity of Prince Street in Brooklyn, N.Y.

15. At all times relevant herein, Jialing Ye and the Plaintiff did not know each other.

16. A video surveillance from a business located on Prince Street captured the image of the assailant in the aforesaid robbery.

17. On or about May 7, 2012, Evans took possession of the aforesaid video footage and/or a printed screenshot picture of the assailant from the video which accurately captured the image of the assailant who committed the aforesaid robbery.

18. On the date and time of the aforesaid robbery of Jialing Ye, Plaintiff was not in Kings County and Plaintiff had no involvement in the aforesaid robbery.

19. Immediately after the robbery, Jialing Ye was unable to provide any description of the perpetrator other than that it was committed by a black male.

20. On or about May 7, 2012 at about 5:00 p.m., Cruz became involved in the investigation of the robbery.

21. On or about May 7, 2012, Evans took possession of the video and/or the printed image of the perpetrator.

22. On or about May 7, 2012, Cruz took possession of the video and/or the printed image of the perpetrator.

23. The video and/or the image of the perpetrator demonstrated that there were marked physical differences between the Plaintiff and the perpetrator.

24. On or about May 7, 2012, Evans targeted the Plaintiff as the suspect of the aforesaid robbery.

25. On or about May 7, 2012, Cruz targeted the Plaintiff as the suspect of the aforesaid robbery.

26. At the time when Plaintiff became the suspect in the aforesaid robbery, there was no probable cause to believe that the Plaintiff had committed the robbery and there was no evidence linking Plaintiff to the crime.

27. On or about May 7, 2012, Evans and/or Cruz visited Plaintiff's school and showed the video and/or image of the assailant to teachers and other school officials who were familiar with the Plaintiff's appearance, and said school employees affirmatively told the defendants that the individual depicted in the photograph and/or video was not the Plaintiff.

28. On or about May 9, 2012, Plaintiff was arrested for the aforesaid robbery.

29. After Evans showed the aforesaid picture of the perpetrator of the robbery and/or video which contained the perpetrator of the robbery's image to school employees at the Plaintiff's school, Evans destroyed, intentionally lost and failed to preserve the aforesaid video and/or picture of the perpetrator and intentionally failed to log same as evidence.

30. After Cruz showed the aforesaid picture of the perpetrator of the robbery and/or video which contained the perpetrator of the robbery's image to school employees at the Plaintiff's school, Cruz destroyed, intentionally lost and failed to preserve the aforesaid video and/or picture of the perpetrator and intentionally failed to log same as evidence.

31. Defendants withheld, destroyed and/or lost the aforesaid evidence, which was exculpatory to cause Plaintiff to be prosecuted unjustly for the aforesaid robbery, despite

their knowledge that the Plaintiff was not the individual depicted in the photograph/video.

32. On or about May 9, 2012, Cruz fabricated evidence against the Plaintiff by creating police paperwork, which was forwarded the prosecutor, which falsely documented that Plaintiff made an incriminating statement, in that while Cruz created a police report which stated that while Plaintiff was speaking with his mother, he stated that "I did not rob that guy at the school park on Monday" and that said statement was made before the location of the robbery or gender of the victim was made known to the Plaintiff, which was false.

33 Cruz forwarded the aforesaid statement with the falsified information to the prosecutor with knowledge of its falsity.

34. Cruz took the aforesaid acts to falsely create evidence linking the Plaintiff to the robbery despite his innocence.

35. At all times relevant herein, Cruz withheld the existence of the aforesaid photo and/or video of the perpetrator of the robbery from the prosecutor and failed to disclose same and further misrepresented to the prosecutor that there was no photographic or video evidence which contained the perpetrator's image.

36. As the aforesaid video and/or still shot plainly depicted an individual other than the Plaintiff, any and all probable cause or arguable probable cause to believe that the Plaintiff committed the aforesaid robbery was vitiated by the video and/or photograph.

37. Evans knowingly and intentionally provided false information to the prosecutor in that he represented that there was no video evidence associated with the case and he further withheld exculpatory evidence and failed to advise the prosecutor that the individuals

employed at the Plaintiff's school had viewed the video/photographic evidence and advised the defendant that the individual depicted in the photo/video was not the Plaintiff.

38. Cruz knowingly and intentionally provided false information to the prosecutor in that he relayed to the prosecutor the aforementioned fabricated inculpatory statement and he represented that there was no video evidence associated with the case and he further withheld exculpatory evidence and failed to advise the prosecutor that the individuals employed at the Plaintiff's school had viewed the video/photographic evidence and advised the defendants that the individual depicted in the photo/video was not the Plaintiff.

39. On or about May 10, 2012, Cruz initiated a prosecution against the Plaintiff by preparing, signing and swearing to a felony complaint against the Plaintiff which initiated a prosecution against the Plaintiff for Robbery in the first, second and third degree, in violation of Penal Law §§ 160.15(4), 160.10(2)(B), 160.05, Grand Larceny in the 4th Degree in violation of Penal Law § 155.30(5), Menacing in the Second Degree in violation of Penal Law § 120.14(1), Petit Larceny in violation of 155.25, and harassment in violation of Penal Law § 240.26 (Hereinafter "the charges").

40 Cruz initiated and continued the charges and prosecution against the Plaintiff by signing the felony complaint, by suppressing exculpatory evidence and by failing to make a full and complete disclosure of facts known by him to the prosecutor, Cruz continued the prosecution against the Plaintiff.

41. By suppressing exculpatory evidence and by failing to make a full and complete disclosure of facts known by him to the prosecutor, Cruz continued the prosecution against the Plaintiff.

42. At all times relevant herein, there was no probable cause to believe that Plaintiff had committed the robbery or any of the charges which were lodged against the Plaintiff.

43. At all times relevant herein, there was no probable cause to believe that the prosecution against the Plaintiff could succeed.

44. After initiating the prosecution, Cruz and Evans continued the prosecution by failing to disclose to the prosecutor that there was photographic and/or video evidence which captured the perpetrator's image and that said image did not match the Plaintiff, that school officials who were familiar with the Plaintiff's appearance viewed the photographic/video image of the perpetrator and advised Cruz and/or Evans that the Plaintiff was not the individual in the photograph/video and Cruz further failed to inform the prosecutor that he fabricated the aforesaid inculpatory statement.

45. The aforementioned false representations, misconduct and failure to make a full and complete disclosure of the facts by Cruz and Evans prevented the prosecutor from exercising independent judgment.

46. As a result of the aforementioned felony complaint, Plaintiff was arraigned on the charges and was held on bail, which caused him to be incarcerated for approximately two months.

47. On or about December 7, 2012, the grand jury investigated the attempted robbery charges against the Plaintiff and in said hearing Jialing Ye falsely identified Plaintiff as the perpetrator, upon information and belief, Cruz falsely testified that the Plaintiff made the aforementioned implicatory statement and the integrity of the grand jury was affected by the defendants' suppression of exculpatory evidence.

48. Based upon the foregoing, Cruz committed perjury and fraud in the grand jury hearing and failed to make a full and complete disclosure and the grand jury credited Jailing Ye's incorrect identification of the Plaintiff, which was caused by the Defendants' misconduct in suppressing the video/photograph of the assailant and withholding information from the Prosecutor and grand jury.

49. Both Cruz and Evans failed to supply, provide and disclose the exculpatory photographic and video evidence to the prosecutor and Grand Jury even though such evidence was substantial and would have been reasonably be expected to lead the grand jury not to indict.

50. As a direct and proximate cause of the Defendants' aforementioned misconduct, Plaintiff was indicted on the charges.

51. As more fully set forth herein, all defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

52. At all times mentioned herein, there was a lack of probable cause to commence and continue criminal proceedings against plaintiff.

53. At all times mentioned, herein defendants acted with malice in initiating and continuing the criminal proceedings against plaintiff.

54. The aforementioned actions were done by Defendants with Malice and to frame Plaintiff for crimes which he did not commit and to deny him the rights and privileges guaranteed by the U.S. Constitution and the Constitution of the State of New York and Defendants further violated Plaintiff's Brady rights to have exculpatory evidence disclosed.

55. Defendants failed to set forth facts before the grand jury which would have vitiated probable cause.

56. All of the foregoing testimony caused a grand jury to return an indictment against the Plaintiff for the above referenced charges.

57. Defendants continued criminal proceedings against plaintiff despite a lack of credible evidence against him, and notwithstanding their knowledge that said proceedings would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

58. On or about April 22, 2015, the prosecutor moved to dismiss the charges and upon the prosecutor's motion the charges were dismissed against the Plaintiff.

59. The aforementioned dismissal was a favorable termination of the charges against the Plaintiff.

60. Defendants' actions violated the Plaintiff's civil rights including but not limited to his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution including but not limited to the right to due process, the Brady right to have exculpatory evidence disclosed, the right not to be unreasonably seized, the right to a fair trial, right not to be prosecuted with the use of fabricated evidence, the right not have exculpatory evidence destroyed lost or withheld and/or perjurious testimony, the right not be prosecuted and imprisoned without probable case, the right of confrontation, and defendants further maliciously prosecuted Plaintiff, denied him his due process, denied him a fair trial, unreasonably seized the Plaintiff and violated his civil and constitutional rights.

61. Defendants' actions violated clearly established rights.

62. Defendants' action shocks the conscience.

63. No reasonable officer in the position of the defendants would have believed the actions of the defendants herein was objectively reasonable.

64. At all times relevant herein defendants lacked probable cause to continue criminal proceedings against plaintiff, acted with malice in continuing criminal proceedings against plaintiff, misrepresented and falsified evidence throughout all phases of the criminal proceeding, and failed to make a full statement of facts known throughout all phases of the proceedings, all of which was done to secure the conviction of the Plaintiff for an attempted robbery and assault which he did not commit.

65. At all times relevant herein defendants lacked probable cause to continue criminal proceedings against plaintiff, acted with malice in continuing criminal proceedings against plaintiff, misrepresented and falsified evidence throughout all phases of the criminal proceeding, and/or failed to make a full statement of facts known throughout all phases of the proceedings, all of which was done to secure the conviction of the Plaintiff for an the charges, all of which he did not commit.

66. As a direct and proximate result of the foregoing acts committed by the defendants, the Plaintiff was deprived of his liberty and he was incarcerated for approximately two months and was forced to endure the harassment, humiliations, hardships and inhumanities associated with prison life all of which was exclusively caused by the prosecution complained of herein.

67. Plaintiff suffered great humiliation, ridicule, and mental anguish, depression, mental shock, mental trauma, emotional and mental suffering as a result of his unlawful prosecution.

68. Defendants are jointly and severally liable for the damages sought herein.

## COUNT II: FALSE IMPRISONMENT AND EXCESSIVE DETENTION UNDER 42 USC 1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

70. By and through the foregoing, Defendants caused Plaintiff to be incarcerated and confined without probable cause and without justification or privilege.

71. That Defendants' actions violated Plaintiff's rights under the U.S. Constitution as well as the Constitution of the State of New York.

72. The aforementioned actions of the Defendants proximately caused Plaintiffs damages and injuries complained of herein.

73. The aforesaid acts of concealment, fabrication and failure to make a full and complete statement of the facts as to the existence of the video/photograph and the false attribution to Plaintiff of a fabricated inculpatory statement, caused Plaintiff to suffer excessive incarceration and detention in violation of his rights not to be subjected to prolonged detention.

74. At all times relevant Plaintiff had a right to be free from continued detention stemming from Defendants' concealment of exculpatory evidence and continued misrepresentation of fact and Defendants' actions violated that right.

75. Defendants' actions shocks the conscience.

76. Defendants' actions violated Plaintiff's rights under the Fourteenth and Fourth Amendments of the United States Constitution.

### COUNT III: ATTORNEYS FEES AND COSTS UNDER 42 U.S.C. § 1988

77. Plaintiff repeats and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

78. The foregoing events constitute violations of plaintiff's statutory and constitutional rights, thereby entitling him to attorneys fees, costs and disbursements as permitted by 28 U.S.C. § 1988.

### COUNT IV: MALICIOUS PROSECUTION UNDER STATE LAW

79. Plaintiff repeats and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

80. By and through the foregoing, Plaintiff was maliciously prosecuted under New York State Law.

81. The City of New York is vicariously liable for the actions of Cruz and Evans under New York State Law.

82. Within ninety days after the occurrence complained of herein, plaintiff served a verified notice of claim upon the City of New York, based on the facts contained herein;  more than 30 days have elapsed since the service of such notice and the defendants have failed, neglected and refused to make adjustment or payment thereof; and, this action has been commenced within one year and ninety days after the happening of the events upon which these claims are based.

83.  A statutory hearing was held and all pre-requisites to suit have been satisfied.

84. By and through the aforementioned, Plaintiff was caused to sustain the aforesaid damages complained of herein.

WHEREFORE, Plaintiff demands that judgment be entered for Plaintiff against Defendant in an amount to be determined by the trier of fact for compensatory and punitive damages, plus attorneys fees.

Dated: White Plains, N.Y.
       March 1, 2016

                Yours etc,

                LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

        BY: _____
                Michael H. Joseph, Esq.
                203 East Post Road
                White Plains, New York 10601
                Tel: (914) 374 8330
                Fax:(914)358-5379